# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

RILEY QUINTON                                                                                   PLAINTIFF
ADC #156458

V.                          NO. 4:20-CV-00803-JM-JTR

DONALD J. TRUMP,
United States President, *et al.*                                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

On July 1, 2020, Plaintiff Riley Quinton ("Quinton"), an inmate at the Maximum Security Unit of the Arkansas Division of Correction ("ADC"), filed a

*pro se* § 1983 Complaint. *Doc. 2.* He later filed an Amended Complaint and a Second Amended Complaint.[1] *Docs. 4, 9.*

Before Quinton can proceed with this action, the Prison Litigation Reform Act requires the Court to screen his allegations and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).[2] The fact that Quinton paid the filing fee (*Doc. 6)* does not alter this screening requirement. *See Lewis v. Estes*, 242 F.3d 375, *1 (8th Cir. 2000) (holding that § 1915A screening applies to all prisoner cases, even if the prisoner pays the filing fee in full); *Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir. 1999) (based on plain statutory language, "§ 1915A applies to all prisoners, no matter their fee status, who bring suit against a government entity, officer or employee").

---

[1]The Court has read these three pleadings together, as constituting Quinton's claims. *See Topchian v. JPMorgan Chase Bank*, *N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (*pro se* complaint must be "liberally construed" and "*pro se* litigants are held to a lesser pleading standard than other parties"); *Kiir v. N.D. Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint.").

[2]"While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings." *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952).

## II. Discussion

As a threshold matter, Quinton indicates that he intends to pursue relief on his own behalf, as well as two of his fellow prisoners, Cambrin Barnes ("Barnes") and Ricky Ashley ("Ashley").[3] Quinton may *not* pursue relief on behalf of Barnes, Ashley, or any other prisoner. *See Martin v. Sargent,* 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."). Accordingly, Quinton is the sole plaintiff in this action, and that is how his claims will be analyzed.

In his three pleadings, Quinton names the following Defendants: (1) President Donald J. Trump; (2) all nine Justices of the United States Supreme Court;[4] (3) ADC Director Dexter J. Payne ("Payne"); and (4) "all attorneys licensed in Arkansas" ("Doe Defendants"). Quinton contends "each and every cited defendant" conspired to deprive Quinton of his civil rights and constitutional rights. Quinton further alleges, *without any accompanying facts*, that Defendants caused or "caused to be caused" the following constitutional deprivations: (1) the ADC's "grievance procedure" provides no redress; (2) the ADC's law libraries deny access to legal materials and requests for legal assistance; (3) the ADC's business and records office

---

[3]Both Barnes and Ashley filed actions raising similar claims. *See Barnes v. Payne, et al.*, E.D. Ark. No. 4:20-cv-00693-JM (case dismissed August 27, 2020); *Ashley v. Trump, et al.*, E.D. Ark. No. 4:20-cv-00802-JM (case dismissed July 8, 2020). Quinton's allegations in this case are very similar to Ashley's allegations in Case No. 4:20-cv-00802-JM.

[4]Clarence Thomas, Ruth Bader Ginsburg, Stephen G. Breyer, John G. Roberts, Jr., Samuel A. Alito, Jr., Sonia Sotomayor, Elena Kagan, Neil M. Gorsuch, and Brett Kavanaugh.

either refuses to provide requested information needed by prisoners to pursue applications to proceed *in forma pauperis*, or provides incorrect information; (4) the ADC's mail room policies prevent the proper processing of legal mail; (5) the ADC's "major disciplinary procedures" allow ADC officials to deny access to the original written reports, deny witnesses, refuse to review video evidence, refuse inmate testimony or written statements, and to "legally" rewrite inmate written statements; and (6) the ADC's punitive isolation practices routinely deny all prisoners "48 hours" of relief, as required by ADC policy. *Doc. 1 at 5-6; Doc. 9 at 5-6*. According to Quinton, it is not necessary for the ADC staff members to be named as Defendants since they are only acting "under the 'directions' and 'orders' of the higher authoritative defendant judges, etc." *Doc. 1 at 5*; *Doc. 9 at 5*.

Quinton makes other conclusory allegations such as contending that President Trump and the Supreme Court Justices gave "off the record authorizations" to other judges, including Susan Webber Wright, Gary M. Arnold, and J. Thomas Ray (the undersigned judge)[5] "to forge, counterfeit and or otherwise alter any and all prisoner

---

[5] Even if I were named as a defendant, Quinton's outlandish allegations would not require my recusal: "[A] litigant's personal attacks on a judge do not necessarily require recusal," and requiring recusal "any time a litigant has been critical of a judge would create perverse incentives and enable judge shopping." *Akins v. Knight*, 863 F.3d 1084, 1087 (8th Cir. 2017); *see also* Committee on Codes of Conduct, *Disqualification Based on Harassing Claims Against Judge*, Advisory Opinion No. 103 (explaining the basis for questioning impartiality must be "reasonable" and that a complaint against a judge is almost always subject to prompt dismissal for judicial immunity).

'Judgment & Commitment Orders,' and or 'Sentencing Orders' to illegally retain all state prisoners within the ADC due to the COVID-19 concern." *Doc. 1 at 6*.

Finally, Quinton alleges that his incarceration is illegal because Pulaski County Judge Herbert Wright never signed his "Sentencing Order." *Doc. 1 at 7*.[6]

Quinton requests the Court to issue a declaratory judgment against all Defendants, with the exception of Payne, and to grant him an 'immediate release" from incarceration. *Doc. 4 at 8-9*. As to Payne, Quinton requests damages of $300 per day for his "wrongful prison time." *Id. at 8*.

### A. Quinton's Claim That Multiple Defendants Conspired to Cause ADC Staff to Violate His Constitutional Rights

A complaint which contains factual allegations and legal conclusions "is frivolous where it lacks even an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is "based on an indisputably meritless legal theory," a "clearly baseless," or a "fantastic or delusional" factual scenario. *Id*. at 327-28.

Quinton offers *no facts* to support his conclusory assertion that President Trump, all nine Supreme Court Justices, and all licensed Arkansas attorneys engaged in a conspiracy with ADC staff to deprive him of his constitutional rights in connection with virtually every aspect of his prison life. These allegations, on their

---

[6] Quinton raises other unintelligible claims related to the "World Wide Global Crisis" of "Covid-19." *See Doc. 4 at 8*.

5

face, are fanciful, delusional, and fail to come close to satisfying the pleading standards required in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

Accordingly, Quinton's claims against President Trump, the Supreme Court Justices, and the Doe Defendants should be dismissed for failure to state a claim to relief.

B. **Quinton's Claim Against Dexter Payne**

Other than Payne, Quinton has specifically stated that he does not intend to pursue claims against any ADC staff members. To state a viable claim for relief against Payne under the Fourteenth Amendment, Quinton must allege facts to show that Payne personally engaged in government action that deprived him of life, liberty, or property. To state a viable claim for relief against Payne under the Eighth Amendment, Quinton must allege facts to show that Payne personally engaged in conduct depriving Quinton of the "minimal civilized measure of life's necessities," in a manner reflecting "a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (omitting internal quotations and citations). Quinton has failed to allege any

facts to support a § 1983 claim that his constitutional rights were violated under either the Eighth or Fourteenth Amendments.

Accordingly, Quinton's claim against Payne should be dismissed for failure to state a claim to relief.

### C. Quinton's Covid-19 Claims

Quinton's Covid-19-related claims appear to be his basis for seeking release from his "illegal and unconstitutional" confinement. *Doc. 4 at 8-9*.

Quinton cannot obtain release from confinement in a § 1983 action. Instead, his sole remedy for challenging the fact or duration of his confinement is through a federal habeas petition filed pursuant to 28 U.S.C. § 2254, *after* he has properly exhausted all of his available remedies in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973) (writ of habeas corpus is the "exclusive remedy" when prisoner challenges the fact or duration of his confinement and seeks release from incarceration, while a civil rights complaint "is a proper remedy for a ... prisoner who is making a constitutional challenge to the conditions of his prison life"); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (extending the *Preiser* holding to a prisoner's request for damages, instead of immediate release, and explaining that if a favorable § 1983 judgment would "necessarily imply the invalidity of the conviction or sentence," then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ

of habeas corpus); *Adams v. Agniel,* 405 F.3d 643, 644-45 (8th Cir. 2005) (attack on validity of confinement is properly pursued only through habeas action after exhaustion of state remedies).

### D. Quinton's Claim that He Is Illegally Incarcerated

Similarly, in a § 1983 action, Quinton cannot pursue a claim that his incarceration is illegal because Pulaski County Judge Herbert Wright never signed his "Sentencing Order." *Doc. 1 at 7.* He must make that claim through a properly filed habeas petition pursuant to 28 U.S.C. § 2254, *after* he has properly exhausted all of his available remedies in state court.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. All of Quinton's claims be dismissed without prejudice.

2. The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation or the accompanying Judgment would not be taken in good faith.

DATED this 16th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE